**SIGNED.**

Dated: June 28, 2007



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| LEITH SPERING ZUKOWSKY and ANDREA M T ZUKOWSKY, | No. 4:06-bk-00557-JMM |
| | **MEMORANDUM DECISION RE: FINAL** |
| Debtors. | **DISTRIBUTION ISSUES** |

Before the court is the Debtors' objection to the Trustee's proposed distribution. On June 26, 2007, a hearing was held at which the parties appeared and rendered oral argument. At the conclusion thereof, the court took the matter under advisement. Now, after considering the state of the entire record, the court renders its decision.

## ISSUES

The parties require resolution of the following issues in order for the Trustee to conclude his administration of the case:

1. May the Trustee pay late-filed claims in a surplus case?
2. How is the Trustee's fee to be calculated?
3. Are the Trustee's fees, requested to be paid at the percentages set forth in 11 U.S.C. § 326(a), reasonable in consideration of the work done or services rendered?

# DISCUSSION

## Issue No. 1: Late-Filed Claims in a Surplus Case

The Trustee intends to pay all creditors, which have filed claims, the full amount of their claims, plus interest at the federal rate. The Trustee's statutory authority to do so is set forth in the Bankruptcy Code distribution scheme, 11 U.S.C. § 726.

This case is a surplus case because the Debtors received an inheritance, post-petition, which became an asset of the estate. 11 U.S.C. § 541(a)(5)(A). The inheritance was of sufficient amount to pay all claims and administrative expenses.

The ten (10) claims filed in the estate total $72,468.86 (Claims Register). Interest thereon totals $2,959.33. In addition, the Trustee proposes to pay his counsel, Michael M. Neal, the sum of $621, which this court previously approved on February 26, 2007 (Dkt. #22).

These figures, above, total:

| | |
|---|---|
| Claims | $72,468.86 |
| Interest | 2,959.33 |
| Attorney for Trustee | 621.00 |
| | $76,049.19 |

The Debtors object to the payment of three creditors, who filed their claims after the court-set deadline of December 11, 2006 (Dkt. #14). The Claims Register reflects that three creditors filed after that date, as follows:

| Claim # | Date Filed | Creditor | Amount |
|---|---|---|---|
| 8 | Jan. 4, 2007 | Chase | 10,017.47 |
| 9 | Jan. 5, 2007 | LVNV | 1,567.07 |
| 10 | Jan. 10, 2007 | Lisa Druck | 425.00 |

The Trustee maintains that the statute requires that he pay tardily-filed claims ahead of the Debtors. 11 U.S.C. § 726(a)(2)(C) and (3). Here, either statute, applied to the facts of this case yields the same result. A tardy claim still comes ahead of the Debtors. One of the purposes of bankruptcy law is,

whenever possible, to pay valid estate claims. The Debtors will receive a discharge in return for surrendering non-exempt property. They do not also get "a little travelling money" at creditors' expense, if the creditors miss the short deadline within which to pay claims, and file a claim late. *See,* generally, NORTON BANKRUPTCY LAW & PRACTICE 2D at ¶¶ 73.4-73.5 (2006).

The Debtors assert that FED. R. BANKR. P. 3002 controls the timing of claims filing, and bars distribution to any creditor filing a late claim. The court cannot agree with this contention. Rule 3002(c) sets forth only the requirements for filing a timely proof of claim. It carries no sanction for an untimely filing of a claim. Indeed, § 726 expressly allows an untimely claim to participate in a distribution, albeit on a subordinated basis to timely-filed claims. But even that subordinated distribution comes ahead of any payment to the debtor. 11 U.S.C. § 726(a)(6) (debtor stands on the bottom rung of the distribution ladder).

Accordingly, the court finds that the Trustee is entitled to pay the three late-filed claims, with interest, prior to paying any surplus to the Debtors.

### **Issue No. 2: How is the Trustee's Fee to be Calculated?**

The Debtors object to the manner in which the Trustee has calculated his fee. The Trustee seeks to be paid $7,430.76, plus some out of pocket expenses.[1] The expenses are not in dispute. It is only the amount of the fee to which the Debtors object.

As applicable here,[2] the statute clearly and unambiguously sets forth the Trustee's compensation schedule in a chapter 7 case. 11 U.S.C. § 326(a). That statute sets forth the following formula:

| | |
|---|---|
| Up to first $5,000 | 25% |
| $5,001 - 50,000 | 10% |
| $50,001 - 1,000,000 | 5% |

---

[1] $135.20.

[2] The Trustee has, on hand, the sum of $100,545.35.

3

Compensation is further limited to calculation "upon all moneys disbursed or turned over by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."  11 U.S.C. § 326(a).

Here, the Trustee will pay out to the creditor claimants and his administrative professional (attorney) the sum of:

|  |  |
|---|---:|
| Creditors | $72,468.86 |
| Interest to creditors | 2,959.33 |
| Trustee's attorney | 621.00 |
|  | $76,049.19 |

It is on this figure that the statute requires the Trustee to calculate his fee. Thus, applying the formula to the $76,049.19 figure yields the following Trustee's fee:

|  |  |
|---|---:|
| 25% of first $5,000 | $1,250.00 |
| 10% of next $45,000 | 4,500.00 |
| 5% of $26,049.19 | 1,302.46 |
|  | $7,052.46 |

The difference between the Trustee's calculation of his fee, and the court's, was explained as somehow counting the Trustee's fee as part of the monies paid to the Trustee as a "party in interest." This, it seems to the court, allows a trustee to calculate a "fee" upon a fee" and, in effect, to "double-dip." The court cannot accept this explanation, because the statute is clearly written to calculate a trustee's fee in the <u>first instance</u>. A trustee cannot first calculate his fee on the percentages set forth above, add it to the amount to be distributed to "parties in interest," and then calculate his fee a second time by including himself again.

To accept the Trustee's argument would be equivalent to turning the statute on its ear. The Trustee, for this case, is entitled to a fee in the maximum amount of $7,052.46.

**Issue No. 3: Is $7,052.46 a Reasonable Fee?**

The Debtors maintain that the statutory fee is unfair, in that they disclosed their inheritance, and produced such funds quickly and voluntarily to the Trustee. Therefore, they contend that the fee set

forth above is unreasonable, and that the Trustee should not receive the maximum "cap" of $7,052.46.

The court first notes that $7,052.46 represents about 9.27% of the distribution figure of $76,049.19.

Second, the court must give significant weight to the statutory percentages provided for cases administered by trustees. Congress set these parameters, obviously intending that they be applied to the vast majority of cases.

Third, while this case may (or may not) have required as much work as another typical case, the court must directly confront the bankruptcy public policy of encouraging standing panel trustees to accept good cases along with the bad. In most cases, it is doubtful that the trustees realize much more than the small amount paid to then, from the filing fees, because most chapter 7 cases have few if any assets. The amount paid to a trustee on a routine "no asset" case is $60.00.

Therefore, in the relatively rare case where the trustee collects 100% of the creditors' claims, the question becomes whether it is unconscionable or beyond the bounds of fairness to allow him or her a fee of 9.27%. The court does not believe so. In essence, for a surplus debtor's case, this amounts to nothing more than "a cost of doing business" for a debtor within the bankruptcy court system. If the Debtors did not wish to pay for the liquidation services provided by the Trustee, they could have chosen not to file. That they voluntarily did so, and that there was a charge associated therewith, is simply what the law allows.

Finally, although the Debtors have complained about the reasonableness of the Trustee's fee, they have suggested neither an alternative figure, nor calculated the time which the Trustee did spend, nor provided the court with any factual basis upon which to base a different calculation.

Accordingly, the court finds that the Trustee's fee of $7,052.46 is reasonable.



**CONCLUSION**

The court concludes:

1. Late-filed claims may be paid with interest;
2. The Trustee's appropriate calculated fee is $7,052.46; and
3. That fee is reasonable.

DATED AND SIGNED ABOVE.

COPIES served as indicated below this
29th day of June, 2007, upon:

Raymond R. Hayes
Bridegroom & Hayes
1656 N. Columbus Blvd.
Tucson, AZ 85712
Email: bridegroomhayes@ultrasw.com

Michael M. Neal
110 S. Church Ave., #4298
Tucson, AZ 85701
Email mmnealpc@qwest.net

Stanley J. Kartchner, Trustee
7090 N. Oracle Rd., #178-204
Tucson, AZ 85704
Email trustee@kartchner.bz

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By /s/   M. B. Thompson
        Judicial Assistant